**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TERRANCE MCMAHON,

    Plaintiff,

v.                                      Civil Action No.: _____

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.

## COMPLAINT

The Plaintiff, TERRANCE MCMAHON, sues the Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (hereinafter "LIBERTY LIFE") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f).

3. At all times material hereto, Plaintiff was a resident of Duval County, Jacksonville, Florida.

4. Plaintiff was an employee of Massachusetts Mutual Life Insurance Company.

5. At all times material hereto, Plaintiff is and/or was a participant in the Massachusetts Mutual Life Insurance Company Group Disability Plan that provided for Long Term disability benefits (hereinafter "LTD Plan"). According to the LTD Plan, LIBERTY LIFE "shall possess the authority, in its sole discretion, to construe the terms of the policy and to determine benefit eligibility".

6. At all times material hereto, Defendant LIBERTY LIFE, a corporation licensed to do business in the State of Florida, was charged with making the final benefits determinations at issue under the LTD Plan, including the determinations made on Plaintiff's claim.

7. The Plan was funded through a contract of insurance issued by LIBERTY LIFE, who pays claims from its own general assets.

8. By letter dated December 28, 2016, LIBERTY LIFE informed Plaintiff that his claim for Long Term disability benefits had been approved.

9. By letter dated March 14, 2018, LIBERTY LIFE determined that Plaintiff no longer met the definition of disability as defined in the LTD Plan and ceased paying benefits as of March 14, 2018.

10. Plaintiff requested reconsideration of the March 14, 2018 determination and LIBERTY LIFE affirmed the decision to terminate his Long Term disability benefits by decision dated December 19, 2018. This affirmation was final and binding and LIBERTY LIFE informed Plaintiff that he had a right to bring a legal action under ERISA and that the legal action must be filed by January 18, 2020.

11. With respect to all claims made herein, Plaintiff has exhausted any and all administrative remedies provided under the Plan.

12. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if he meets the definition of Disabled.

13. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of March 14, 2018 and through the present.

14. Defendant LIBERTY LIFE, since March 14, 2018, has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

15. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services. Pursuant to 29 U.S.C. § 1132(g) and Fla. Stat. § 627.428 Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TERRANCE MCMAHON, asks this Court to enter judgment against defendant LIBERTY LIFE, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of March 14, 2018 and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from March 14, 2018 through the present;

(c) An award reasonable attorney's fees and costs incurred in this action is proper; and

(d) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for

benefits, and remanding Plaintiff's claim to LIBERTY LIFE for further action to address continuing benefits after the final date of benefits awarded by this Court.

Date: June 10, 2019                    <u>s/Erik W. Berger</u>
                                            ERIK BERGER, ESQUIRE
                                            Trial Attorney for Plaintiff
                                            Florida Bar No.: 0130478
                                            3744 DuPont Station Court South
                                            Jacksonville, FL 32217
                                            904-733-2800
                                            904-733-2805(fax)
                                            erik@mydisabilityattorney.com